UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

THOMAS LEE NEWMAN, SR.,            )
                                    )
       Petitioner,                  )
                                    )
v.                                  )   No. 2:18-CV-00118-JRG-CRW
                                    )
UNITED STATES OF AMERICA,           )
                                    )
       Respondent.                  )

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Thomas Lee Newman, Sr.'s Motion to Vacate, Set Aside, or Correct His Sentence under 18 U.S.C. § 2255 [Doc. 1], the United States' Response [Doc. 2], Mr. Newman's Reply [Doc. 3], United States Magistrate Judge Cynthia R. Wyrick's Report and Recommendation [Doc. 16], and Mr. Newman's Notice of No Objections [Doc. 21]. For the reasons herein, the Court will deny Mr. Newman's motion.

### I. BACKGROUND

In 2016, the Court, after a bench trial, found Mr. Newman guilty of multiple charges under the Controlled Substances Act, 21 U.S.C. § 801 *et seq*., [Verdict, Doc. 65], and on April 26, 2017, the Court sentenced him to 240 months' imprisonment. [Minute Entry, Doc. 120, J., Doc. 121, at 2]. Mr. Newman appealed the Court's sentence roughly nine months later, [Notice of Appeal, Doc. 125], but the Sixth Circuit rejected his appeal as untimely, [Sixth Circuit Order, Doc. 129]. On July 27, 2018, he moved this Court to vacate, set aside, or correct his sentence under 28 U.S.C § 2255, raising three claims of ineffective assistance of counsel, [Pet'r's Mot. at 4–7], as well as a claim of "[p]rocedural fault by Court, resulting in violation of Due Process,"

[*id.* at 8]. One of his claims of ineffective assistance of counsel consisted of an allegation that his counsel failed to file a notice of appeal despite his instruction that he do so. [*Id.* at 6].

After reviewing this claim, the Court determined that Mr. Newman had pleaded sufficient facts to warrant an evidentiary hearing, and it referred this claim to the Honorable Cynthia R. Wyrick, United States Magistrate Judge, for a hearing and report and recommendation under 28 U.S.C. § 636(b)(1)(B). [Order, Doc. 10].[1] Judge Wyrick concluded that Mr. Newman's claim is untimely under § 2255's statute of limitations and is not entitled to equitable tolling. [R&R at 12–16]. Judge Wyrick also concluded that even if this claim were timely it fails on the merits. [*Id.* at 16–18]. In response to Judge Wyrick's report and recommendation, Mr. Newman filed a notice of no objections. The Court will therefore adopt the report and recommendation as if fully set forth herein, and it will reject Mr. Newman's remaining claims.

## II. LEGAL STANDARD

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b). To warrant relief for a denial or infringement of a constitutional right, a petitioner has to establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*,

---

[1] A district judge has license to refer part of a case, or limited issues, to a magistrate judge. *Cf. Holt-Orsted v. City of Dickson*, 641 F.3d 230, 234 (6th Cir. 2011).

165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). To warrant relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of "the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 354 (1994); *see Grant v. United States*, 72 F. 3d 503, 505–06 (6th Cir. 1996).

In sum, "[a] prisoner seeking relief under § 2255 'must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quotation omitted). In support of one of these three bases for relief, a petitioner's allegations must consist of sufficient facts showing he is entitled to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972). "Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.'" *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2003) (quotation and citation omitted). Similarly, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to relief," he will not receive an evidentiary hearing. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)).

A petitioner has the burden of proving that "an error has occurred that is sufficiently fundamental to come within" one of the three "narrow limits" for § 2255 relief. *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *see Pough*, 442 F.3d at 964. The standard that governs collateral review under § 2255, as opposed to direct review on appeal, is significantly higher. *United States v. Frady*, 456 U.S. 152, 162–66 (1982); *see Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999) ("Habeas review is an extraordinary remedy and 'will not be allowed

3

to do service for an appeal.'" (quoting *Reed*, 512 U.S. at 354)). This is so because "[t]he reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system." *Addonizio*, 442 U.S. at 184 (footnote omitted); *see Custis v. United States*, 511 U.S. 485, 497 (1994) ("'[I]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice." (quotation omitted)); *Parke v. Raley*, 506 U.S. 20, 29 (1992) (referring to a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments" (quotation omitted)).

### III. ANALYSIS

Mr. Newman raises four claims for relief under § 2255, three of which are claims of ineffective assistance of counsel. First, he alleges that his counsel was ineffective for failing to raise "[a]greed-upon" objections to the presentence investigation report at sentencing. [Pet'r's Mot. at 4]. Second, he maintains that his counsel was ineffective for failing to call "relevant witnesses." [*Id.* at 5]. Third, he asserts that his counsel was ineffective for failing to file a notice of appeal despite his instruction that he do so. [*Id.* at 6]. And lastly, he alleges "[p]rocedural fault by the Court, resulting in violation of Due Process." [*Id.* at 8]. In response, the United States opposes Mr. Newman's claims, arguing they are untimely and fail on the merits. [United States Resp. at 3–7].

#### A. Ineffective Assistance of Counsel

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." This right is the right not merely to representation but to *effective* representation. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). When a prisoner contests his sentence by raising the specter of ineffective assistance of

4

counsel, he normally can succeed only by satisfying the familiar *Strickland* test, a two-pronged test that requires a showing of deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). To establish deficient performance, a petitioner must show that his counsel, through the prism of an objective standard of reasonableness, "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment. *Id.* at 687. And to establish prejudice, a petitioner must demonstrate that his counsel's deficient performance was so serious that it deprived him of his fundamental right to due process, *id.*, or phrased another way, that "but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

A court has license to address the two prongs of the bipartite test in any order, and if a petitioner fails to establish either of the prongs of this test, his claim of ineffective assistance of counsel fails. *Id.* at 697. In other words, even if a particular aspect of counsel's performance proves to be deficient, that deficiency "does not warrant setting aside the judgment of a criminal proceeding" unless it has a prejudicial effect on the judgment. *Id.* at 691 (citation omitted). In short, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) (citations omitted); *see Thelen v. United States*, 131 F. App'x 61, 63 (6th Cir. 2005) ("A deferential standard of review applies to ineffective assistance claims. A defendant must show that counsel's representation was so 'thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" (quoting *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996))); *see also Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after

5

it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." (citation omitted)).

1. *Ineffective Assistance of Counsel: Failure to File an Appeal*

In light of Mr. Newman's notice of no objections, the Court will accept in whole Judge Wyrick's report and recommendation and, for the reasons that Judge Wyrick stated in the report and recommendation, it will dismiss Mr. Newman's claim—i.e., his claim that his counsel was ineffective for failing to file a notice of appeal—with prejudice.

2. *Ineffective Assistance of Counsel: Failure to Call Witnesses*

Next, Mr. Newman argues that his counsel was ineffective because he "refus[ed] to call relevant witnesses," and this statement is the full extent of his argument. [Pet'r's Mot. at 5]. He elaborates no further on his claim either in his motion or in the legal memorandum that he filed alongside his motion. In response, the United States contends that Mr. Newman's claim is too vague to warrant relief. Mr. Newman, the United States maintains, has not "identified which witnesses counsel should have called during trial," let alone shown prejudice by establishing that counsel's failure to call these unidentified witnesses would have resulted in a different outcome. [United States' Resp. at 6 n.4]. Mr. Newman, in his reply brief, goes on to identify the witnesses for the first time—DaQuan Davis and Lamont Fortune, whom he refers to as co-conspirators, though he was not indicted alongside any co-conspirators. [Pet'r's Reply at 3]. "If questioned," Mr. Newman says, "either or both of these individuals could have testified to no common cause between themselves and Petitioner." [*Id.* at 4].

"The decision whether to call a witness to testify at trial is a matter of strategy that falls squarely within defense counsel's domain," *Javaherpour v. United States*, Nos. 4:04-cv-38, 4:01-cr-11, 2007 WL 1041266, at *3 (E.D. Tenn. Apr. 6, 2007), and for this reason, "[a] defense

6

counsel has no obligation to call or even interview a witness whose testimony would not have exculpated the defendant," *Millender v. Adams*, 376 F.3d 520, 527 (6th Cir. 2004) (quotation omitted); *see Caldwell v. Lewis*, 414 F. App'x 809, 815–16 (6th Cir. 2011) ("[A]n attorney's failure to present available *exculpatory* evidence is ordinarily deficient, unless some cogent tactical or other consideration justified it." (emphasis added) (quotation and citations omitted)).

Mr. Newman does not allege that either Mr. Davis' or Mr. Fortune's testimony would have exculpated him of the crimes with which he was charged. In fact, he does not allege in his original petition what Mr. Davis or Mr. Fortune would have testified to at all. He states only in his reply brief that Mr. Davis and Mr. Fortune would have testified generally on the subject of "common cause." [Pet'r's Reply at 4]. Along similar lines, he has not provided the Court with supporting affidavits from Mr. Davis or Mr. Fortune, or stated whether they were available to testify in the first place. *See Talley v. United States*, Nos. 1:00-cv-74, 1:94-cr-118, 2006 WL 3422997, at *9, 10 (E.D. Tenn. Nov. 27, 2006) ("To present a viable ineffective assistance of counsel claim based upon an alleged failure by counsel to call a witness to testify at trial, [the petitioner] must make an affirmative showing as to the . . . availability of the witness to testify, the details of what the uncalled witness would have testified to, and that the testimony of the uncalled witness would have produced a different, more favorable result at trial. . . . The Court will not grant any § 2255 relief to [the petitioner] or hold an evidentiary hearing based on the purported potential testimony of uncalled witnesses where [the petitioner] has not bothered to submit supporting affidavits from them." (citations omitted)).

Mr. Newman's allegations are so cadaverous that the Court cannot discern whether he is claiming his counsel's failure to call Mr. Davis or Mr. Fortune is an error pertaining to his trial or to his sentencing hearing. At sentencing, Mr. Newman's counsel *did* in fact move to call Mr.

7

Davis and Mr. Fortune as witnesses, *see* [Def.'s Mot. for Subpoenas, Docs. 91 & 92, 2:15-CR-00101-JRG], but the Court denied the motions, [Order, Doc. 95, 2:15-CR-00101-JRG]. So not only does Mr. Newman's claim fail on the merits, but it also fails because it relies on a mistaken account of the record.

Simply, Mr. Newman's counsel "is strongly presumed to have rendered adequate legal assistance, and to have made all decisions in the exercise of reasonable professional judgment and sound trial strategy," *Talley*, 2006 WL 3422997 at *10 (citing *Nix v. Whiteside,* 475 U.S. 157, 165 (1986); *Strickland,* 466 U.S. at 689-90)), and, therefore, "[c]laims of ineffective assistance of counsel predicated upon bare allegations of uncalled witnesses are [insufficient]" to defeat this presumption, *Brain v. United States*, Nos. 4:03–cr–38, 4:08–cv–71**,** 2011 WL 1343344, at *6 (E.D. Tenn. Apr. 8, 2011). In fact, Mr. Newman concedes that the United States "is correct in" arguing that his allegations are too general to warrant relief. [Pet'r's Reply at 3]. He ascribes his failure to file factually sufficient allegations to his inability to obtain transcripts of his underlying criminal proceedings, [*id.*], but he has not purchased those transcripts, and his status as a pauper "does not give [him] a right to have documents copied and returned to him at government expense," *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990). In sum, Mr. Newman alleges no facts from which the Court can find that his counsel rendered deficient performance by failing to call Mr. Davis and Mr. Fortune as witnesses, nor does he identify any form of prejudice that he suffered from their absence. He is therefore not entitled to the extraordinary remedy of § 2255 relief. *See Dibble v. United States*, 103 F. App'x. 593, 596 (6th Cir. 2004) (affirming the district court's denial of the petitioner's § 2255 motion when the petitioner failed

to "identify any prejudice that she suffered as a result of" counsel's failure to call a character witness).[2]

### 3. *Ineffective Assistance of Counsel: Failure to Raise Objections*

Next, Mr. Newman alleges that his counsel was ineffective for "[f]ailure to raise agreed-upon objections at sentencing," [Pet'r's Mot. at 4], but this statement comprises the extent of his argument. He elaborates on this allegation for the first time in his reply brief, arguing that he "instructed his attorney to raise *Winston v. United States* at sentencing," but his counsel failed to do so. [Pet'r's Reply at 3]. According to Mr. Newman, *Winston*, if his counsel had raised it at sentencing, "would [have] considerably lower[ed] [his] probable sentence by preventing the aggregation of drug amounts from successive transactions." [*Id.*].

While the Court acknowledges that "attorney errors resulting in increased prison time can constitute prejudice," *Thelen*, 131 F. App'x at 65–66 (citing *Glover v. United States*, 531 U.S. 198, 203–04 (2001))), Mr. Newman, with his skeletal allegations and argument, makes no headway in establishing deficient performance or prejudice. In *Winston v. United States*, Case Number 16-00865, 2019 WL 4753803 (M.D. Tenn. Sept. 30, 2019), the United States District Court for the Middle District of Tennessee vacated the petitioner's conviction under 18 U.S.C. § 924(c) and, in doing so, relied on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). But *Winston* is not factually on point with Mr. Newman's case because Mr. Newman was never convicted under § 924(c). *See Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999) (recognizing that "[c]ounsel could not be unconstitutionally ineffective for failing to raise [a] meritless argument").

---

[2] Having addressed the merits of Mr. Newman's claim, the Court now has no need to consider its timeliness. *See Pough*, 442 F.3d at 964 ("Even though [the petitioner's] motion may have been untimely, this court need not reach the issue because the motion fails on the merits[.]").

9

Besides, *Winston* was not decided until 2019, more than two years *after* Mr. Newman's sentencing hearing on April 24, 2017, so Mr. Newman could not have possibly "instructed his attorney to raise *Winston v. United States* at sentencing" as he claims because the case did not exist at that time. [Pet'r's Reply at 3]; *see* Rules Governing § 2255 Proceedings, Rule 4(b) ("If it plainly appears from . . . the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the [claim][.]"). And in this vein, the requirement that counsel must render effective assistance does not mean that he must be prescient. *See Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986) (stating that "nonegregious errors such as failure to perceive or anticipate a change in the law . . . generally cannot be considered ineffective assistance of counsel"). Mr. Newman's claim is without merit, and he is not entitled to relief under § 2255.

### B. Violation of Due Process

Lastly, Mr. Newman alleges "[p]rocedural fault by the Court, resulting in violation of Due Process." [Pet'r's Reply at 8]. With this allegation, he appears to be arguing that the Sixth Circuit erred in dismissing his direct appeal because he maintains that "[his] direct appeal was dismissed without opportunity for [him] to show via available documentation that [he] deserved equitable tolling," and "[t]his issue was not extant" until the dismissal of his appeal. [*Id.*]. But this Court has no authority to sit in review of the Sixth Circuit's decisions. *See* 28 U.S.C. § 1331 (stating that federal district courts are courts of "original jurisdiction"). Besides, Mr. Newman's claim is baseless because, despite the Sixth Circuit's dismissal of his direct appeal, this Court can and did address his claims of ineffective assistance of counsel, as well as his contention that he is entitled to equitable tolling. *See generally United States v. Johnson*, 765 F.3d 644, 648 (6th Cir. 2014) ("[W]e . . . normally decline to consider . . . ineffective-assistance claim[s] on direct

10

Case 2:18-cv-00118-JRG-CRW   Document 23   Filed 09/08/21   Page 10 of 12   PageID #: 172

appeal, leaving that claim for consideration on the merits" for the district court.). Once again, Mr. Newman fails to identify any cognizable basis for relief under § 2255.[3]

### C. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability, which is necessary for Mr. Newman to appeal its ruling. 28 U.S.C. § 2253(a), (c)(1)(B). The Court may issue a certificate of appealability only when a petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing when a court has rejected a petitioner's constitutional claims on the merits, that petitioner must demonstrate that reasonable jurists would find the court's assessment of those claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having addressed the merits of Mr. Newman's claims, the Court does not conclude that reasonable jurists would find that its rejection of his claims is debatable or wrong. The Court will therefore decline to issue a certificate of appealability to Mr. Newman.

### IV. CONCLUSION

As the petitioner under § 2255, Mr. Newman fails to satisfy his burden of establishing that his conviction and sentence were in violation of the Constitution, or that a fundamental defect resulted in a complete miscarriage of justice or an egregious error. The Court therefore **ORDERS** as follows:

1. Having carefully reviewed the record, the Court agrees with Judge Wyrick's report and recommendation [Doc. 16], and the Court therefore **ACCEPTS IN**

---

[3] Having addressed the merits of Mr. Newman's claim, the Court now has no need to consider its timeliness. *See Pough*, 442 F.3d at 964 ("Even though [the petitioner's] motion may have been untimely, this court need not reach the issue because the motion fails on the merits[.]").

**WHOLE** the report and recommendation under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

2. Mr. Newman's Motion to Vacate, Set Aside, or Correct His Sentence under 18 U.S.C. § 2255 [Doc. 1] is **DENIED**.

3. This case is hereby **DISMISSED with prejudice**. The Court will enter an order consistent with this opinion.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE